IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TRAVIS E. CUMMINGS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:05-CV-1093-F |
| | ) [WO] |
| | ) |
| JUDGE LARRY K. ANDERSON, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Travis E. Cummings ["Cummings"], an indigent inmate, challenges the constitutionality of a conviction and sentence entered against him by the Circuit Court of Houston County, Alabama on August 23, 2005 for breaking and entering a vehicle. Specifically, Cummings complains that the prosecution utilized an escape charge for which he "was never convicted . . . for impeachment purposes." *Plaintiff's Complaint* at 2. He further argues that the trial court improperly enhanced his breaking and entering sentence based on the escape charge. *Id*. at 3. Cummings names Larry K. Anderson, the state circuit judge who presided over his criminal proceedings, Doug Valeska, the district attorney for Houston County, the Houston County District Attorney's Office, and Martin Adams and Mr. Stinsland, the attorneys who represented him on the breaking and entering case, as defendants in this cause of action. Cummings seeks declaratory relief and monetary damages.

Upon review of the complaint, the court concludes that dismissal of this case prior to

service of process is proper under 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[1]

## I. DISCUSSION

### A. The Claims Against Judge Larry K. Anderson

Cummings argues that Judge Anderson violated his constitutional rights during the criminal proceedings related to his conviction for breaking and entering a vehicle. The claims against Judge Anderson entitle Cummings to no relief in this cause of action.

1. <u>The Request for Monetary Damages</u>. It is clear that all of the allegations made by the plaintiff against Judge Anderson emanate from actions taken by this defendant in his judicial capacity during state court proceedings over which he had jurisdiction. The law is well established that a state judge is absolutely immune from civil liability for acts taken pursuant to his judicial authority. *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Stump v. Sparkman*, 435 U.S. 349 (1978); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986). Accordingly, the plaintiff's claims for monetary damages against Judge Larry K. Anderson are "based on an indisputably meritless legal theory" and are therefore due to be dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[2] Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives of the present statute.

2

2. <u>The Request for Declaratory Relief</u>.  To the extent Cummings seeks declaratory relief for adverse actions taken against him by Judge Anderson in the criminal proceedings over which this defendant presided, this court lacks jurisdiction to render such judgment in an action filed pursuant to 42 U.S.C. § 1983 as federal district courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Datz v. Kilgore*, 51 F.3d 252 (11th Cir. 1995); *Berman v. Florida Board of Bar Examiners*, 794 F.2d 1529 (11th Cir. 1986).  Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court.  *Datz*, 51 F.3d at 254 (finding that a § 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

In light of the foregoing, dismissal of the plaintiff's claims for declaratory relief arising from adverse rulings of the Circuit Court of Houston County is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).  *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke*, *supra*.

### B.  The Claims Against District Attorney Doug Valeska

Cummings challenges the constitutionality of actions undertaken by the district attorney during his trial and sentencing for breaking and entering.  It is clear from the

complaint that the claims made against defendant Valeska emanate from his representation of the State during the criminal proceedings before the Circuit Court of Houston County.

"A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S.Ct. 2606, 2615-16, 125 L.Ed.2d 209 (1993). The prosecutorial function includes the initiation and pursuit of criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 424, 96 S.Ct. 984, 992, 47 L.Ed.2d 128 (1976), and all appearances before the court, including examining witnesses and presenting evidence. *See Burns v. Reed*, 500 U.S. 478, 492, 111 S.Ct. 1934, 1942 (1991)." *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002); *see also Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998).

> [A]bsolute immunity is an entitlement to be free from suit for money damages. . . . [T]he purpose of the immunity is to shield officials from the distractions of litigation arising from the performance of their official functions. To fulfill its purpose, official immunity protects government officials not only from having to stand trial, but also from having to bear the other burdens attendant to litigation, including pretrial discovery. . . . In *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), the Supreme Court held that a prosecutor is absolutely immune from civil suit for damages under section 1983 for actions taken "in initiating a prosecution and in presenting the State's case." *Id.* at 431, 96 S.Ct. at 995.

*Marx v. Gumbinner*, 855 F.2d. 783, 788-89 (11th Cir. 1988).

The actions about which the plaintiff complains with respect to defendant Valeska relate to this defendant's role "as an 'advocate' for the state" and such actions were "intimately associated with the judicial phase of the criminal process." *Mastroianni v.*

4

*Bowers*, 60 F.3d 671, 676 (11th Cir. 1998) (citations omitted). Defendant Valeska is therefore "entitled to absolute immunity for that conduct." *Id.* Thus, the plaintiff's request for damages against Doug Valeska lacks an arguable basis and is therefore subject to dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). *See Neitzke*, 490 U.S. at 327. As previously determined, the plaintiff is entitled to no declaratory or injunctive relief for any adverse action taken during the state court proceedings related to his breaking and entering conviction before the Circuit Court of Houston County, Alabama.

### C. The Houston County District Attorney's Office

Cummings names the Houston County District Attorney's Office as a defendant in this cause of action. However, this office "is not a legal entity and, therefore, is not subject to suit or liability under section 1983." *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the court concludes that the plaintiff's claims against the Houston County District Attorney's Office are due to be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *Id.*

### D. The Claims Against Defense Counsel

In his complaint, the plaintiff lists his defense attorneys, Martin Adams and Mr. Stinsland, as defendants. However, any claims presented by Cummings against his attorneys provide no basis for relief in the instant cause of action.

An essential element of a 42 U.S.C. § 1983 action is that the alleged constitutional deprivation was committed by a person acting under color of state law. *American*

*Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). To state a viable claim for relief under § 1983, a plaintiff must assert "*both* an alleged constitutional deprivation . . . *and* that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'" *American Manufacturers*, 526 U.S. at 50, 119 S.Ct. at 985 (emphasis in original). An attorney who represents a defendant in criminal proceedings does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981); *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and . . . are not subject to suit under section 1983."). Since the conduct about which the plaintiff complains was not committed by persons acting under color of state law, the § 1983 claims asserted by Cummings against defendants Adams and Stinsland are frivolous as they lack an arguable basis in law. *See Neitzke*, 490 U.S. at 327. Such claims are therefore due to be dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

### E. The Challenges to Plaintiff's Conviction

Cummings attacks the validity of the conviction and sentence imposed upon him by the Circuit Court of Houston County, Alabama for breaking and entering a vehicle. In the complaint, Cummings contends that the district attorney improperly impeached his testimony with an escape charge that had been no billed. He also complains that the trial court erred

when it enhanced his sentence based on the escape charge. The aforementioned claims go to the fundamental legality of the plaintiff's conviction and resulting sentence. Consequently, these claims provide no basis for relief at this time. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must thisefore be dismissed. 512 U.S. at 483-489. Under *Heck*, the relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. The Court emphasized that "habeas corpus is the exclusive remedy for a . . . prisoner who challenges" a conviction or sentence, "even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. 512 U.S. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action. In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory [and injunctive] relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 . . ." unless the prisoner can demonstrate that the challenged action has previously been

invalidated. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court reiterated the position taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of a conviction or sentence is a petition for writ of habeas corpus. *Balisok*, 520 U.S. at 645. Additionally, the Court "reemphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

The claims presented in the instant complaint challenge the constitutionality of a conviction and sentence imposed upon Cummings by the Circuit Court of Houston County on August 23, 2005. A judgment in favor of Cummings on these claims would necessarily imply the invalidity of this conviction and sentence. It is clear from the complaint that the conviction and sentence about which Cummings complains have not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack on the August 23, 2005 conviction is prohibited and subject to summary dismissal by this court pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii). *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The § 1983 claims presented against Judge Larry K. Anderson, Doug Valeska, the

Houston County District Attorney's Office, Martin Adams and Mr. Stinsland be dismissed with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

2. The plaintiff's challenge to the constitutionality of the conviction and sentence imposed upon him by the Circuit Court of Houston County, Alabama for breaking and entering a vehicle be dismissed without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

3. This case be dismissed prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

It is further

ORDERED that on or before December 5, 2005, the parties may file objections to this Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also*

*Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 21st day of November, 2005.

                                                  /s/Charles S. Coody
                                        CHARLES S. COODY
                                        CHIEF UNITED STATES MAGISTRATE JUDGE